The claim of the plaintiff, an inmate in defendant's facility, was dismissed for failure to appear and prosecute when the case was called for hearing. Plaintiff alleges he requested a Superior Court Judge to issue a writ, but that there has been no response. Chasing the question of good faith excuse through the evidentiary thicket would simply lead us further from our duty to provide a forum for hearing claims against the State for negligence. This Commission should never countenance the defendant winning its cases by declining to produce a willing plaintiff under its control. On the other hand, the problem was precipitated by the case being calendared for a location outside a prison unit. As this imposes on the defendant to transport the inmate, and the local Sheriff to receive, house and guard him at hearing, and may create some risk to public safety, and may encourage some inmates to file frivolous claims just for the outing, hearings involving the presence of inmates should be held at prisons if reasonably possible.
"Every Court of record has power, upon application of any party to any suit or proceeding, civil or criminal, pending in such Court, to issue a writ habeas corpus, for the purpose of bringing before the said Court any prisoner . . . to be examined as a witness. . . ." N.C. Gen. Stat. § 17-41. This Commission is "constituted a Court for the purpose of hearing and passing upon tort claims" under the State Tort Claims Act. N.C. Gen. Stat. § 143-291(a).
Wherefore, IT IS ORDERED that, subject to any orders of the hearing Deputy for the convenience of the parties, this matter be set on the docket for hearing in due course at a prison facility; and that the defendant shall produce the plaintiff there on the date named in the Commission's calendar for the hearing of this case.
Costs shall abide the result.
 S/ _______________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JRW:md